## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| LINWOOD NORMAN, PERRY | : | |
| BATES, BRIAN REYNOLDS, | : | |
| JOHN SPEISSER, and THOMAS | : | No. 14-412 |
| LICIARDELLO, | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**Timothy R. Rice**                                                                 **August 6, 2014**
**U.S. Magistrate Judge**

The Government challenges my decision to grant bail to Defendants Linwood Norman,

Perry Betts, Brian Reynolds, and John Speisser, contending that clear and convincing evidence

establishes they pose an ongoing danger to the community based on the nature of the underlying

charges.[1]  As noted in court on August 4 and 5, 2014, I find Defendants rebutted the presumption

that no condition, or combination of conditions, will reasonably assure the safety of other

persons and the community.  See 18 U.S.C. §§ 3142(e), (f)(1)(A).  Moreover, I find the

Government failed to produce clear and convincing evidence that no release conditions will

---

[1]     My order detaining Defendant Thomas Liciardello is not contested.  Unlike the other
Defendants, Liciardello was indicted as the ringleader of the corrupt police officers' racketeering
enterprise.  Moreover, the Government alleged at his detention hearing that Liciardello had
attempted to intimidate and harass a victim/witness in this case.  The Government conceded it
had no evidence that any other Defendant had engaged in any type of witness intimidation.

reasonably assure the safety of other persons and the community.[2]  See United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986).

The grand jury found probable cause that Defendants abused their positions as Philadelphia police offers in the elite Field Narcotics Unit to form a racketeering enterprise used to commit robbery, civil rights violations, and drug and firearm crimes between 2006 and 2012. The nature of the racketeering conspiracy is jaw dropping, and features Defendants misusing their positions of trusts to engage in torture, kidnapping, beatings, and falsifying evidence. However tempting it is to punish such heinous behavior pretrial, our Constitution is built upon a presumption of innocence.  Similarly, the Bail Reform Act grants judicial power to detain only when necessary to ensure a defendant's appearance at trial and to protect the community from a defendant's dangerousness.  "Liberty is the norm" and pretrial detention under the Bail Reform Act "is the carefully limited exception" to that rule.  United States v. Salerno, 481 U.S. 739, 754 (1987).

Under § 3142, the issue is not whether Defendants merit severe punishment if convicted. Nor is the issue whether Defendants' conduct is reprehensible and an abuse of public authority. Rather, the limited inquiry under § 3142 is whether Defendants will pose a danger to the community if not detained pending trial.[3]  Under § 3142(g), I must consider myriad factors in

---

[2]     "Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true.  Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard.  But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases."  Third Cir. Model Jury Inst. 1.11.

[3]     Although the Government also sought to detain Defendants as a flight risk in its motion, it did not vigorously press that point during the August 4 and 5 hearings.  Nor could it.  All Defendants have extensive family and community ties, offered to post significant bail, and knew of the ongoing federal probe for several years without incident.  Defendant Speisser, for

deciding whether conditions of release will reasonably assure the safety of other persons and the community.  These factors include: the nature of the alleged crimes, the weight of the evidence, the history and characteristics of the defendant, and the "nature and seriousness of the danger to any person or the community that would be posed by" defendant's release.  Id.  Balancing such factors, I must identify the "least restrictive" conditions that will protect the community and other persons.  § 3142(c)(B).

The Government claims Defendants' six-year history of systemic police corruption and violence constitutes clear and convincing evidence that they will pose an ongoing danger to the community if not detained.  The Government further suggests that Defendants deceived their superiors and the public, and therefore cannot be trusted to abide by release conditions.

Notwithstanding Defendants' claim that the charges are based on the testimony of a cooperating co-conspirator police officer and several admitted drug dealers, the weight of the evidence is strong.  The sheer volume and inherent corroboration of the Government's evidence is a powerful indictment of Defendants' well-planned criminal enterprise.  Defendants' crimes even deceived top police officials who honored Defendants for some of the very arrests featured in the Indictment.  Similarly, the nature of the crimes, i.e., law enforcement officers viciously beating, robbing, and torturing suspects, creates the potential that witnesses will be reluctant to appear at trial.

To address those grave concerns of dangerousness, I considered the following:

---

example, volunteered his whereabouts to federal agents when they made pre-dawn arrest raids and did not find him at home.

1.  Defendants are no longer employed as police officers and no longer carry a badge or firearms.[4]  The means they used to commit their crimes and orchestrate their criminal enterprise have been removed.  The last criminal act was in 2012 and the last violent criminal act was in 2011 – approximately three years ago.

2.  Defendants were placed on 24-hour home confinement with electronic monitoring and can leave with permission of a federal pretrial services officer only for religious services, medical appointments, or to meet with counsel.  Defendants may not leave for any other reason, including employment.

3.  Defendants were required to sign bonds of between $100,000 and $250,000 each, secured by real property of comparable values.  Some of the property was posted by family members with the knowledge that it would be forfeited if the Defendant violated his bail conditions.  Release is conditioned on Defendants first satisfying all local rules for posting bail, including providing proof of title and appraised value.

4.  Defendants are precluded from having any contact with co-Defendants or potential witnesses.

5.  Defendants have surrendered all firearms and passports.

Such conditions impose onerous obligations that severely restrict Defendants' freedom and fully address the issues of dangerousness raised by the Government.  Without a badge, a firearm, and access to their confederates, Defendants cannot commit the type of crimes alleged in the Indictment or intimidate witnesses.  Even assuming Defendants' betrayal of their oath impairs their credibility, as the Government alleges, the conditions imposed are so restrictive that

---

[4]      It is undisputed that Defendants have been suspended as police officers with intent to terminate.

Defendants would be unable to pose a danger if they were predisposed to engage in deception to do so.

 A 24-hour lockdown under federal supervision with harsh financial consequences for any violation reasonably protects the community under the circumstances of this case.  The conditions of bail effectively balance Defendants' liberty interest with the need to protect the community and assure Defendants' appearance at trial.

      BY THE COURT:


      /s/ Timothy R. Rice_____
      TIMOTHY R. RICE
      U.S. MAGISTRATE JUDGE